## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH LAUFER, | Case No. 3:20-cv-09193(FLW) |
| Plaintiff, | |
| vs. | Electronically Filed |
| EXTENDED STAY AMERICA SOMERSET – FRANKLIN, A Maryland Corporation, | |
| Defendant, | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for
    Defendant Extended Stay America

BY:    KERRI E. CHEWNING, ESQUIRE

MARTIN H. ORLICK, ESQ.
JEFFER MANGELS BUTLER & MITCHELL LLP
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
(415) 398-8080

## **<u>TABLE OF CONTENTS</u>**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 1

III.   LEGAL ARGUMENT ........................................................................................ 3

A.    Courts Must *Sua Sponte* Assess Standing For Subject Matter Jurisdiction ...................... 3

B.    Standing Requires Concrete Harm Among Other Elements ................................................ 4

C.    Injunctive Relief Requires Risk Of Immediate Injury ....................................................... 5

D.    Plaintiff Here Lacks Standing Because There Is No Concrete Harm ................................. 5

E.    Because Courts Determine Jurisdiction Based On The Original Complaint, The Filing Of The Amended Complaint Cannot Cure Defects In The Complaint ................................................ 9

IV.   CONCLUSION ................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Bock v. Pressler & Pressler, LLP*,
  658 F. App'x 63 (3d Cir. 2016) ..............................................................3

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983)..................................................................................5

*Crupar-Weinmann v. Paris Baguette Am., Inc.*,
  861 F.3d 76 (2d Cir. 2017)......................................................................4

*Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*,
  565 F.3d 56 (2d Cir. 2009)......................................................................3

*Griffin v. Dep't of Labor Fed. Credit Union*,
  912 F.3d 649 (4th Cir. 2019) ..................................................................5

*Harty v. Greenwich Hospitality Group, LLC*,
  536 F. App'x 154 (2d Cir. 2013) .............................................................5

*Kamal v. J. Crew Group, Inc.*,
  918 F.3d 102 (3d Cir. 2019)....................................................................3

*Kreisler v. Second Ave. Diner Corp.*,
  731 F.3d 184 (2d Cir. 2013)................................................................5, 6

*Laufer v. 1110 Western Albany, LLC*,
  Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y.
  May 7, 2020)............................................................................................6

*Laufer v. Laxmi & Sons, LLC*,
  1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6,
  2020) .......................................................................................................6

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992)................................................................................4

*Nesbit v. Gears Unlimited, Inc.*,
  347 F.3d 72 (3d Cir. 2003)......................................................................3

*Sonterra Capital Master Fund Ltd. v. UBS AG*,
  954 F.3d 529 (2d Cir. 2020)....................................................................3

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016)........................................................................4, 6

*Storino v. Borough of Point Pleasant Beach*,
   322 F.3d 293 (3d Cir. 2003)........................................................................................3

*Sturgeon v. Pharmerica Corp.*,
   438 F. Supp. 3d 246 (E.D. Pa. 2020) ........................................................................1

*United Food & Commercial Workers Union v. CenterMark Props. Meriden
   Square, Inc.*,
   30 F.3d 298 (2d Cir. 1994)........................................................................................3

**Federal Statutes**

Americans with Disabilities Act ............................................................................ *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................1

## I.     INTRODUCTION

Plaintiff Deborah Laufer ("**Plaintiff**") initiated this case against Defendant ESA Management, LLC, erroneously named by Plaintiff as Extended Stay America – Somerset – Franklin, ("**Defendant**") as one of over **400[1] nearly identical ADA lawsuits** filed in New Jersey, New York, Maryland and elsewhere.  Defendant operates many Extended Stay America hotels nationwide.  Courts in New Jersey and other districts have taken notice of Plaintiff filing these identical cases **despite lacking subject matter jurisdiction and standing**.  Plaintiff is a resident of Florida and never alleges that she visited the state of New Jersey, the hotel in question and makes only vague conclusory allegations in the Amended Complaint that she intends to visit the Northeast states when travel restrictions due to COVID are eased.  There is no concrete harm or risk of immediate future harm.

To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which if proven true state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Plaintiff has not done so.  Accordingly, the Court should grant Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).

## II.     BACKGROUND

On July 21, 2020, Plaintiff filed the Complaint against Defendant seeking injunctive relief and attorneys' fees for alleged violations of the Americans with Disabilities Act ("**ADA**").  After Defendant filed a Motion to Dismiss the Complaint on September 8, 2020 (Doc # 8), Plaintiff filed an Amended Complaint (Doc # 9) adding new, vague and conclusory allegations.

---

[1] *See* Certification of Kerri E. Chewning, Exhibit 1.  Defendant requests that the Court take judicial notice of the publicly available judicial filings and compilation of Plaintiff's litigation history. *See Sturgeon v. Pharmerica Corp.,* 438 F. Supp. 3d 246, 257 (E.D. Pa. 2020) (citing *Victaulic Co. v. Tieman,* 499 F.3d 227, 236 (3d Cir. 2007)).  Specifically, "publicly available records from other judicial proceedings may be judicially noticed in the context of a motion to dismiss." *Id.*

For the most part, Plaintiff's Complaint and Amended Complaint are the same.  Plaintiff alleges that she is a **resident of Pasco County, Florida**.  Amended Complaint ¶ 1.  Plaintiff alleges that she uses an assistive device (such as a cane) to walk and decided to be a "tester" for purposes of ADA compliance.  Amended Complaint ¶ 1.  Plaintiff further alleges that she visited certain **third party websites** (not websites that Defendant owns or controls), such as expedia.com and hotels.com, "for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e)."  Amended Complaint ¶ 10.  Plaintiff found that such third party websites were lacking accessible information about the property in question located at 30 Worlds Fair Dr, Somerset, NJ 08873 (the "**Subject Property**").  Amended Complaint ¶¶ 3, 10.  Plaintiff, therefore, seeks attorneys' fees, costs and injunctive relief.  Amended Complaint ¶¶ 20-21.

Plaintiff attempts to cover the clear deficiencies in her original Complaint by adding new content in paragraph 16 of the Amended Complaint stating vaguely that "Plaintiff has plans to travel to the Northeast states as soon as the travel restrictions from the COVID crisis are eased. This includes traveling all throughout the state of New Jersey, Somerset and the surrounding areas."  **Critically, however, Plaintiff never alleged in the Amended Complaint that she ever visited the state of New Jersey, the town of Somerset, the Subject Property, or that she has any concrete and specific plans to visit the Subject Property in New Jersey in the future.** The Amended Complaint also does not allege that Plaintiff has any reason to travel anywhere in New Jersey or any reason to seek lodging anywhere in Somerset.

### III.    LEGAL ARGUMENT

#### A.    Courts Must *Sua Sponte* Assess Standing For Subject Matter Jurisdiction

"Article III, Section 2 of the Constitution limits the jurisdiction of the federal courts to the resolution of 'cases' and 'controversies.'  To ensure that this bedrock case-or-controversy requirement is met, courts require that plaintiffs establish their standing as the proper parties to bring suit.'"  *Sonterra Capital Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 533–34 (2d Cir. 2020) (quoting *Langan v. Johnson & Johnson Consumer Cos*., 897 F.3d 88, 92 (2d Cir. 2018)); *Kamal v. J. Crew Group, Inc.,* 918 F.3d 102, 110 (3d Cir. 2019).

"[I]n our federal system of limited jurisdiction . . . the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see also Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt."); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont,* 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.").  Indeed, the concept of standing is so critical that courts "are required to raise issues of standing *sua sponte* if such issues exist." *Bock v. Pressler & Pressler, LLP*, 658 F. App'x 63, 64 (3d Cir. 2016) (citing *Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001)).  "If plaintiffs do not possess Article III standing. . . the District Court. . .lack[s] subject matter jurisdiction to address the merits of plaintiffs' case."  *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir. 2003).

B.     **Standing Requires Concrete Harm Among Other Elements**

To establish standing a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," (2) "a causal connection between the injury and the conduct complained of," and (3) redressability of the injury by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–65 (1992). Where "a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo,* 136 S. Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560 n.1). **To be "concrete" an injury "must actually exist": the injury must be "real" and not "abstract."** *Id.* Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.* at 1549–50 (emphasis added - holding that the plaintiff could not satisfy the demands of Article III by simply alleging that consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of" a "procedural requirement[]" may result in no harm" and not all "inaccuracies cause harm or present any material risk of harm"). A "risk of real harm" may "satisfy the requirement of concreteness." *Id.* at 1549 (noting statutes where the violation of a procedural right would be sufficient because Congress identified harms sufficient to constitute injury in fact). Thus, "the critical question for standing purposes is 'whether the particular . . . violations alleged . . . entail a *degree of risk* sufficient to meet the concreteness requirement.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.,* 861 F.3d 76, 80 (2d Cir. 2017) (emphasis in original) (quoting *Spokeo,* 136 S. Ct. at 1550).

4

C.     **Injunctive Relief Requires Risk Of Immediate Injury**

To have standing to seek injunctive relief Plaintiff has the burden of establishing that she "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (internal quotation marks and citation omitted); *McNair v. Synapse Group Inc.,* 672 F.3d 213, 226 (3d Cir. 2012) (denying class certification because the named plaintiffs lacked standing as they failed to demonstrate any "reasonable likelihood of future injury."); *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) ("Plaintiffs seeking injunctive relief must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.'") (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)).

D.     **Plaintiff Here Lacks Standing Because There Is No Concrete Harm**

Plaintiff is a resident of Florida.  Amended Complaint ¶ 1.  There are no facts in the Complaint indicating that she has ever traveled to Somerset, New Jersey, or anywhere in New Jersey, or that she has any concrete plans to visit the Subject Property in the future.  Plaintiff makes only vague allegations hastily included in the Amended Complaint that she plans to travel "all throughout the state of New Jersey" when COVID is over.  Amended Complaint ¶ 16.

Plaintiff alleges that she is a "tester" for the ADA.  Complaint ¶ 2.  However, her status as a "tester" is not sufficient to establish subject matter jurisdiction in this action.  *See Griffin v. Dep't of Labor Fed. Credit Union,* 912 F.3d 649, 656 (4th Cir. 2019) (holding that a plaintiff who was ineligible to be a member of a credit union failed to establish standing to bring an ADA claim concerning its website because tester status "cannot create standing in the absence of an otherwise plausible assertion that a return to the website would allow [the plaintiff] to avail himself of its services"); *see also Harty v. Greenwich Hospitality Group, LLC,* 536 F. App'x 154, 155 (2d Cir. 2013) (finding the plaintiff's "assertion that he visits public accommodations as

an ADA 'tester'" failed to establish standing as it lacked "the requisite link to Stamford, Connecticut"—the location of the defendant's Hampton Inn).

Multiple courts have taken notice of these types of spam-style ADA lawsuits without the requisite standing.  Such courts have dismissed nearly identical cases or filed orders to show cause *sua sponte* regarding whether standing and subject matter jurisdiction exists.  For example, the court in *Laufer v. Laxmi & Sons, LLC,* 1:19-cv-01501-BKS-ML, 2020 U.S. Dist. LEXIS 79545 (N.D.N.Y. May 6, 2020), **involving the same Plaintiff** as the case at hand (Laufer), issued a *sua sponte* Memorandum-Decision and Order regarding Plaintiff's lack of standing stating, "[t]here are no facts in the Complaint or Plaintiff's affidavit indicating that she has ever traveled to Rensselaer, New York, or anywhere in New York, or that she has any reason to travel anywhere in New York or any reason to seek lodging anywhere in New York." *Id.* Doc. No. 15 at 7.  The court went on to say, "the Court questions whether the Plaintiff has established standing, in accord with *Spokeo, Kreisler,* and *Deeper Life Christian Fellowship, Inc.,* and thus whether the Court has subject matter jurisdiction over this action." *Id.* Doc. No. 15 at 9.

Other courts have taken notice of Plaintiff's abuse of litigation as well.  For example, in *Laufer v. 1110 Western Albany, LLC*, Case No. 1:19-cv-01324-BKS-ML, 2020 U.S. Dist. LEXIS 81128 (N.D.N.Y. May 7, 2020), the Court issued an Order noting that "Plaintiff Deborah Laufer, a Florida resident … has 29, nearly identical, cases pending against different defendants in the Northern District of New York." *Id.* Doc. No. 21 at 1.  The court went on to find that "There appears to be a **serious question as to whether Plaintiff has established standing**, in this, or any of her other cases, and thus whether the Court has subject matter jurisdiction over these actions." *Id.* Doc No. 21 at 2 (emphasis added).  The court then ordered Plaintiff file briefs addressing whether she has standing in that case and 27 other cases filed by Plaintiff Laufer listed in the court's Exhibit A attached to the Order. *Id.* Doc No. 21 at 2.  Subsequent to that, the

case was dismissed due to settlement. *Id.* Doc Nos. 22, 23.  Similarly, the Court here should question Plaintiff's standing, which in fact does not exist.

In the District of New Jersey, The Hon. Renée Marie Bumb issued an Order to Show Cause applicable to three very similar cases also brought by a serial ADA plaintiff residing in Florida alleging violations on defendant's website reservations system. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc No. 4; *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc No. 4; *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD (USDC DNJ), Doc No. 4. *See* Chewning Certif. Exhibit 2. The Court's Order could easily be applied to this case:

> An examination of the facts alleged in the complaints leads this Court to question **whether Plaintiff has established that he has suffered an injury in fact.** Plaintiff alleges that he "visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs[.]" (Complaints ¶ 30) The complaints do not plead how many times Plaintiff visited each website. Moreover, while Plaintiff pleads a laundry list of "disability accommodations" he was "unable to verify" "whether the Property contain[ed]," (Complaints ¶ 31), **the complaints do not even plead that Plaintiff, who "resides in Miami, Florida," (Complaints, ¶ 1) has any intention of visiting New Jersey, much less the specific properties identified in the complaints.** Rather, Plaintiff merely pleads in conclusory fashion that "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e)[2] and/or otherwise determine if the site provides enough information for Plaintiff to

---

[2] The Court notes that 28 C.F.R. § 36.302(e) (1), which Plaintiff cites in the complaint at bar, does not impose a specific duty on places of public accommodation to include descriptions of disability accommodations on their websites. The regulation merely requires that a place of public accommodation "[i]dentify and describe accessible features . . . in enough detail to permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e) (1) (ii). The regulation is silent as to where or how a place of public accommodation must identify and describe its accessible features, and Plaintiff's complaints are silent in this regard.

determine whether the site comes into compliance with the guidelines of the aforementioned law." (Complaints ¶ 39)

**Thus, it does not appear that Plaintiff has pled an injury in fact.** In this regard, the Court finds this case analogous to *Murray v. Lifetime Brands, Inc.*, No. CV 16-5016, 2017 WL 1837855 (D.N.J. May 8, 2017). In that case, as here, the plaintiff's claim was premised on an "'unlawful denial of access to information subject to disclosure.'" *Id.* at *3 (quoting *In re: Nickelodian Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3d Cir. 2016)). In *Murray*, Judge Hillman held that the plaintiff had not established an injury in fact, explaining, "[c]ritically, what Murray fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the [law] requires [defendant] to tell her." *Id.* at *4,

In this case, too, **Plaintiff fails to plead what actual, concrete harm he suffered, or will continue to suffer**, as a result of allegedly being unable to determine whether each property has disability accommodations that meet his needs.

"Although Plaintiff acknowledged the Ninth Circuit has held that minimal allegations that might survive a facial attack may not survive a factual attack, …, he made no effort to make any additional showing. **Therefore, Plaintiff fails to satisfy his burden of establishing subject matter jurisdiction."** (*Id.* at *11, emphasis added.)

*Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc No. 4 at 4-5 (emphasis added). The Court ordered that plaintiff show cause "why this case should not be dismissed for lack of Article III standing." *Id*. at 6. The defendant subsequently filed a motion to dismiss much like the present motion, and **the Court issued an Order granting defendant's motion to dismiss for lack of subject matter jurisdiction**. *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06087-RMB-KMW (USDC DNJ), Doc No. 25.

The second case *Hernandez v. Caesars License Co., LLC*, Case No. 1:19-cv-06088-RMB-KMW (USDC DNJ), Doc No. 24, had the same outcome. In the third case, plaintiff filed a notice of voluntary dismissal, presumably acknowledging the lack of standing and jurisdiction. *Hernandez v. Montego Bay Resort and Conference Center*, Case No. 1:19-cv-06091-RMB-AMD

(USDC DNJ), Doc No. 5.  Here too, the case lacks subject matter jurisdiction and the Complaint should be dismissed by the Court.

> **E.** **Because Courts Determine Jurisdiction Based On The Original Complaint, The Filing Of The Amended Complaint Cannot Cure Defects In The Complaint**

"Standing is determined at the outset of the litigation."  *McNair,* 672 F.3d at 226 (quoting *Davis v. FEC,* 554 U.S. 724, 734 (2008)).  Thus, "[i]n determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. Equalization,* 858 F.2d 1376, 1380 (9th Cir. 1988).  As a result, "[i]f jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'"  *Id.* (internal citations omitted).

The Amended Complaint does not meet Plaintiff's burden to set forth any facts to demonstrate that this Court has jurisdiction.  While the Amended Complaint attempts to plead facts for standing to sue, it does not provide actual evidence in response to the Motion to Dismiss.  Where the moving party makes a factual challenge by presenting evidence on a Rule 12(b)(1) motion to dismiss, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir. 2004).  *See also, Purely Driven Prods., LLC v. Chillovino,* LLC, 171 F. Supp. 3d 1016, 1018 (C.D. Cal. 2016) ("In reviewing factual attacks, '[t]he court need not presume the truthfulness of the plaintiff's allegations.' *Id.*  Plaintiff bears the burden of establishing federal subject matter jurisdiction."); *Whitaker v. LSB Prop. Mgmt., LLC,* 2020 U.S. Dist. LEXIS 108874 (C.D. Cal. June 22, 2020):

> "Although Plaintiff acknowledged the Ninth Circuit has held that minimal allegations that might survive a facial attack may not survive a factual attack, …, he made no effort to make any

additional showing. **Therefore, Plaintiff fails to satisfy his burden of establishing subject matter jurisdiction."**

*Id.* at *11 (emphasis added).

Plaintiff's incomplete attempts in the Amended Complaint to fix defects in the case through a few vaguely worded, non-committal allegations about some potential future travel are not legally relevant and should not be considered. Plaintiff lacks standing to bring this case.

## IV.   CONCLUSION

Plaintiff lacks standing in this case, and it is respectfully submitted that the Court accordingly lacks subject matter jurisdiction.  This issue has been thoroughly explored by other courts, including in dozens of cases involving this very Plaintiff, resulting in orders and dismissals for lack of jurisdiction. Thus, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction as well.


Dated:  October 12, 2020                  Respectfully submitted,

                                          ARCHER & GREINER
                                          A Professional Corporation
                                          Attorneys for Defendant Extended Stay America


                                          By:_____
                                                KERRI E. CHEWNING, ESQUIRE

                                          JEFFER MANGELS BUTLER & MITCHELL LLP

                                          MARTIN H. ORLICK, ESQ.
                                          STUART TUBIS, ESQ.
                                          Two Embarcadero Center, Fifth Floor
                                          San Francisco, CA 94111
                                          Telephone: 415-398-8080
                                          Facsimile: 415-398-5584
                                          mho@jmbm.com

                                          *Pro Hac Vice Motion to be filed*

219513341v1