**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEBORAH LAUFER, | Case No. 3:20-cv-09193(FLW) |
| Plaintiff, | |
| vs. | Electronically Filed |
| EXTENDED STAY AMERICA SOMERSET – FRANKLIN, A Maryland Corporation, | |
| Defendant, | |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ 08033-0968
(856) 795-2121
Attorneys for Defendant Extended Stay America

BY:   KERRI E. CHEWNING, ESQUIRE

MARTIN H. ORLICK, ESQ.
JEFFER MANGELS BUTLER & MITCHELL LLP
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
(415) 398-8080

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  DISCUSSION ................................................................................................................. 1

      **A.**   Plaintiff's Extensive Reliance on Non-Controlling a Cases from Florida Fail to Establish Constitutional Standing in the District of New Jersey………….............1

      **B.**   Third Circuit Authority Supports Dismissal Of This Case……………………….2

      **C.**   Fourth Circuit Authority Also Supports Dismissal Of This Case……………….4

      **D.**   The Requirements For Standing Derive From Article III of the Constitution Not the ADA……………………………………………………...………………………5

      **E.**   Defendant Has Not Violated The ADA…………………………............…………6

III. CONCLUSION ............................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Harty v. Greenwich Hospitality Group, LLC d/b/a Hampton Inn & Suites*,
 536 Fed. Appx. 154, 2013 WL 5779641 (2nd Cir. Oct. 28, 2013) ............................................2

*Harty v. Luihn Four, Inc.*,
 747 F. Supp. 2d 547 (E.D.N.C.) ................................................................................................2

*Hernandez v. Caesars License Co.*,
 Case NO. 19-cv-06090, 2019 BL 380939 (D.N.J. Oct. 04, 2019) .........................................2, 3

*Lujan v. Defs. of Wildlife*,
 504 U.S. 555 (1992) ..................................................................................................................6

*Nanni v. Aberdeen Marketplace, Inc.*,
 878 F.3d 447 (4th Cir. 2017) .................................................................................................5, 6

*Norkunas v. Park Road Shopping Center, Inc.*,
 777 F. Supp. 2d 998 (W.D.N.C. 2011) .....................................................................................2

*Payne v. Sears, Roebuck & Co.*,
 No. 5:11-CV-614-D, 2012 WL 1965389, 2012 WL 135149 (E.D.N.C. May
 31, 2012) .........................................................................................................................3, 4, 5

**Federal Statutes**

Americans with Disabilities Act .............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 12(b)(1) ...................................................................................................................2

Fed. R. Civ.P. 12(b)(6) ....................................................................................................................1

## II. INTRODUCTION

Plaintiff Deborah Laufer ("**Plaintiff**") is a resident of Florida and never alleges in the Amended Complaint that she has ever visited either the state of New Jersey or the hotel in question. There is no concrete current harm or risk of future harm. To satisfy federal pleading requirements, Plaintiff must sufficiently allege facts which, if proven true, state a claim upon which relief can be granted. Fed. R. Civ.P. 12(b)(6). Plaintiff has not done so. Plaintiff cannot overcome with volume of words the fact that standing does not exist in this case. Accordingly, the Court should grant the Motion to Dismiss filed by Defendant ESA Management, LLC, erroneously named as Extended Stay America – Somerset – Franklin, ("**Defendant**").

## III. DISCUSSION

### A. **Plaintiff's Extensive Reliance on Non-Controlling a Cases from Florida Fail to Establish Constitutional Standing in the District of New Jersey.**

Plaintiff's Opposition is based on a series of Eleventh Circuit cases, specifically originating in Florida, that purportedly support Plaintiff's position in the present case in New Jersey. *See* Pl.'s Opp'n. (Doc # 7) at 5-12. These cases are not controlling for the District Courts in New Jersey or the Third Circuit.

Plaintiff's Opposition to the Motion to Dismiss, lists and describes a large number of cases brought by a single serial plaintiff – **Patricia Kennedy**. *See id.* at 4-11. Incidentally, the cases involving plaintiff Kennedy were generally filed by the same plaintiff's counsel as the case at hand – Thomas Bacon, Esq. While Patricia Kennedy and Thomas Bacon may have been successful in filing scores of nearly identical ADA cases in Florida, the so-called tester standing permitted by such Florida District Courts does not apply to the present case.

Absent controlling authority from a higher court, District Courts are free to, and often do, disagree on the interpretation and application of federal laws to particular circumstances. Many

courts disagree with the formulation from the district courts in Florida.  For example, courts in the Second Circuit have consistently held that being an ADA tester is not itself sufficient to establish standing.  In *Harty v. Luihn Four, Inc.*, 747 F. Supp. 2d 547 (E.D.N.C.), the court held that plaintiff lacked standing to sue for a visit to a store hundreds of miles from his home.  Similarly, in *Harty v. Greenwich Hospitality Group, LLC d/b/a Hampton Inn & Suites*, 536 Fed. Appx. 154 (Mem), 2013 WL 5779641 (2nd Cir. Oct. 28, 2013), the Second Circuit affirmed dismissal of a claim asserted by a plaintiff who lived thousands of miles away from the subject location, had only visited it once, and who had no specific plans to return lacked standing to file an ADA claim.  *See also Norkunas v. Park Road Shopping Center, Inc.*, 777 F. Supp. 2d 998, 1005 (W.D.N.C. 2011) (**"[T]he law makes clear that a Title III plaintiff cannot use her status as a tester to satisfy the standing requirements** where she would not have standing otherwise. Thus, the naked assertion of a desire to return to a defendant establishment for the sole purpose of confirming ADA-compliance, without more, is insufficient to establish standing.").  If the present case were filed in a district court in Florida, Plaintiff's Florida authority might be controlling.  Here, it is not.

      **B.**    <u>**Third Circuit Authority Supports Dismissal Of This Case**</u>

Third Circuit authority supports dismissal of this case.  In *Hernandez v. Caesars License Co.*, Case NO. 19-cv-06090, 2019 BL 380939, (D.N.J. Oct. 04, 2019), the facts very closely mirror the fact in this case, ultimately resulting in the court dismissing the amended complaint.

Just as in this case, the plaintiff in *Hernandez* was a Florida resident alleging website issues related to the defendant's physical location in New Jersey.  Defendant filed a motion to dismiss, which the plaintiff met with an amended complaint.  The Court considered the motion to dismiss as applied to the amended complaint.  The court specifically considered the issue of standing holding:  A motion to dismiss under Fed. R. Civ. P. 12(b)(1) must be granted if the

court lacks subject-matter jurisdiction over a claim." *Id.* at 2.  The court also discussed tester standing, dedicating an entire section to the issue.  Ultimately, the court found that plaintiff's arguments regarding tester standing in the District of New Jersey were not convincing and granted the motion to dismiss:

> Without an allegation that he was actually considering staying in Harrah's or that his experience accessing information on the Website was detrimentally different due to his disability, Plaintiff cannot demonstrate concrete injury… For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED and Plaintiff's Amended Complaint (Doc. No. 11) is DISMISSED.

*Id.* Doc # 19 at p. 5.

The facts are nearly identical here, and so should be the outcome.  Both cases involved the same pattern of serial filers residing in Florida spamming the courts with ADA lawsuits alleging claims against properties they have not visited and have no specific intent to visit located many states away.  Both cases involve the plaintiff attempting to establish tester standing with an amended complaint, despite lacking concrete plans to visit the property in question.  Florida law supporting testers is not sufficient to establish standing in the District of New Jersey.  For this reason, Plaintiff's Amended Complaint should be dismissed.

### C.     Fourth Circuit Authority Also Supports Dismissal Of This Case.

In addition to existing Third Circuit precedent, Fourth Circuit authority similarly supports dismissal of this lawsuit.  *Payne v. Sears, Roebuck & Co.*, No. 5:11-CV-614-D, 2012 WL 1965389, 2012 WL 135149 (E.D.N.C. May 31, 2012), is very similar to the case *sub judice*.  In *Payne* the plaintiff was also a Florida resident suing for ADA violations at a Sears store several states away in North Carolina.  Defendant moved to dismiss based on the plaintiff's lack of standing.  The court applied a four factor test for standing under Title III of the ADA:

> Courts consider four factors to determine whether an individual ADA Title III plaintiff has demonstrated a "real and immediate threat of future harm" and thus satisfied the first

> requirement for Article III standing—an alleged injury in fact. These factors are: (1) the proximity of the plaintiff's residence to the alleged offending establishment; (2) the plaintiffs past patronage of the establishment; (3) the definitiveness of the plaintiffs plan to return to the establishment; and (4) whether the plaintiff frequently travels nearby.

*Id.* at 3.

Thus, the **four factors to consider in whether a Title III ADA plaintiff has standing** in were as follows:

**(1)** the **proximity** of the plaintiffs residence to the alleged offending establishment;

**(2)** the plaintiffs **past patronage** of the establishment;

**(3)** the definitiveness of the plaintiffs **plan to return** to the establishment; and

**(4)** whether the plaintiff **frequently travels nearby.**

The four factors considered by the court in *Payne* were mixed though they ultimately balanced in favor of the defendant. The court ultimately found that "[i]n sum, the relevant factors indicate that Payne has not shown a 'real or immediate threat that [she] will be wronged again.' *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). Even with a mixed set of factors as shown above, courts in the Fourth Circuit will dismiss a case for lack of standing when in sum insufficient standing has been shown.

Here, Defendant submits that the four relevant factors are far more favorable to Defendant than they were to the defendant in *Payne*. The four factors of Title III ADA standing are applied to the present case below:

(1) **Proximity:** Plaintiff lives in Florida, which is even *farther* from the New Jersey property at issue than the plaintiff in the *Payne* case.

(2) **Past patronage:** Plaintiff *never* alleged that she ever visited the property at issue in New Jersey.

(3) **Plan to return:** Here, Plaintiff *never* alleged in the Complaint any intent to return to or even visit for the first time, the hotel in New Jersey. Plaintiff makes only cursory allegations about a vague intent to visit the state when the COVID crisis is over. This is a very distant, uncertain and abstract allegation relating to sometime in the future.

(4) **Frequency of travels nearby:** Here, Plaintiff failed to plead in the Amended Complaint that she has ever even visited New Jersey, a very far cry from frequent travel to the area.

Put simply, the four factors considered in the *Payne* case support dismissal of the present case.

### D. The Requirements For Standing Derive From Article III of the Constitution Not the ADA

Plaintiff's Opposition also attacks a strawman argument. Plaintiff argues that the text of the ADA does not explicitly require an intent to visit or return to the property, and since no such requirement is stated in the statute, the Court should not impose one. *See* Pl.'s Opp'n. at 13-26. **But Plaintiff misses the point; the requirement for an injury-in-fact element and connection to the property derives from the Constitutional requirement for standing, not from the ADA.**

"In order for [Plaintiff] to pursue his ADA claim, he must satisfy 'the irreducible constitutional minimum of standing' that is required in order to invoke jurisdiction in the federal courts." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)). The court in *Nanni* further explained exactly why standing is required:

> In order to possess standing to sue in this proceeding, **Nanni must satisfy the elements of standing enunciated by the Supreme Court in its *Lujan* decision.** And only one of those elements — the "**injury-in-fact**" element — is being litigated here. To satisfy

5

> that specific element, the Complaint must show that Nanni "suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." As further mandated by *Lujan*, because Nanni is seeking prospective declaratory and injunctive relief rather than damages, **the allegations in the Complaint of past injuries "do[] not in [themselves] show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects."**

*Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 454 (4th Cir. 2017) (emphasis added)(internal citations omitted).

Plaintiff's Opposition attacks an argument that Defendant never advanced and that also ignores basic constitutional requirements for standing. Rather, Plaintiff argues that the ADA does not explicitly require standing. But Plaintiff cannot escape the basic standing requirement of *Lujan* that an ADA plaintiff have more than "past injuries" without future adverse effects. Here, Plaintiff claims as a Florida resident that she will possibly, one day visit a hotel in New Jersey in an area with which she has no connection or concrete reason to visit. These claims do not meet the clear Constitutional requirements for standing outlined by the court in *Lujan*. This is even more true in light of the more than 400 nearly identical ADA lawsuits that this Plaintiff has filed. The face of the Amended Complaint demonstrates that Plaintiff is not an individual with a genuine intent to visit the Subject Property in New Jersey. She is an individual with a desire to extract settlement sums from businesses that she will likely never visit.

### E. Defendant Has Not Violated The ADA.

Plaintiff states in her Opposition that "Defendant does not challenge the fact that the websites it uses to accept reservations discriminates against disabled persons." Pl.'s Opp'n. at 2.

First, Defendant strongly disputes these claims. Defendant's website provides a wealth of detail about the accessibility features at the property as required by the ADA. Plaintiff's claims are really about third party websites that Defendant does not own, operate or control.

Defendant has provided accessibility information about the Subject Property to those third party websites and requested that they include that information on their websites.  Defendant is not required to do anything more as per Department of Justice guidance.  More importantly this Court could not issue an injunctive relief order requiring Defendant to change a third party's property/website.  Thus, there would be nothing for the court to enjoin with respect to Defendant.

Second, Plaintiff's arguments about the merits of the case are not appropriate for a motion to dismiss.  These claims can and will be disproven at the summary judgement stage or trial.  Plaintiff's claims that Defendant has violated the ADA are both **untrue and irrelevant** to the instant motion to dismiss.

### IV.     CONCLUSION

Plaintiff lacks standing in this case, and the Court accordingly lacks subject matter jurisdiction.  For all the reasons above, Defendant respectfully requests that the Court dismiss Plaintiff's Amended Complaint.

Dated:  November 9, 2020            Respectfully submitted,

ARCHER & GREINER
A Professional Corporation
Attorneys for Defendant Extended Stay America

By:_____
        KERRI E. CHEWNING, ESQUIRE

JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK, ESQ.
Two Embarcadero Center, Fifth Floor
San Francisco, CA 94111
Telephone: 415-398-8080
mho@jmbm.com

*Pro Hac Vice Motion to be filed*