UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH LAUFER,<br>Plaintiff<br><br>v.<br><br>EXTENDED STAY AMERICA SOMERSET FRANKLIN,<br>Defendant. | Case No. 3:20-cv-9193-FLW-DEA |

**MOTION BY:** Plaintiff

**RELIEF REQUESTED:** An Order striking Defendant's Reply

**BASIS FOR RELIEF REQUESTED:** Federal Rule of Civil Procedure 12(f)2.

**SUPPORTING PAPERS:** Memorandum of Law in Support of Motion to Strike

**DATE AND TIME:** To be determined by this Court

Dated: November 19, 2020


By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel: 404.276.7277
gillespie.tristan@gmail.com

*Attorneys for Plaintiff*

**Plaintiff's Memorandum of Law to Strike Defendant's Reply or in the Alternative for Leave of Court to File a Surreply to Defendant's Reply Attempting to Justify its Motion to Dismiss**

## PRELIMINARY STATEMENT

Plaintiff, by undersigned counsel, respectfully requests leave to file a surreply to the Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss. Plaintiff respectfully submits that a surreply is necessary because Defendant's reply brief raised numerous arguments that they did not raise in their original Motion to Dismiss which are not responsive to the issues raised by Plaintiff in her Opposition to the Motion to Dismiss. Many of Defendant's arguments contain misstatements and distortion of the facts that mischaracterize the nature of Plaintiff's complaint. There are at least five new arguments and incorrect statements that cannot go unrebutted and further those statements were not made in Defendant's original Motion to Dismiss.

## INTRODUCTION

Defendant filed their reply on 11/9/2020 in support of their motion to dismiss. Instead of limiting their reply brief to those arguments set forth in Plaintiffs' opposition, Defendant set forth the following new arguments for the first time:

1. Plaintiff's Extensive Reliance on Non-Controlling a Cases from Florida Fail to Establish Constitutional Standing in the District of New Jersey
2. Third Circuit Authority Supports Dismissal of This Case
3. Fourth Circuit Authority Also Supports Dismissal of This Case

4. The Requirements for Standing Derive from Article III of the Constitution Not the ADA

5. Defendant Has Not Violated The ADA

In support of these new arguments, Defendant cited the following cases for the first time in their reply brief: *Harty v. Luihn Four, Inc.*, 747 F. Supp. 2d 547 (E.D.N.C.); *Hernandez v. Caesars License Co.*, Case NO. 19-cv-06090, 2019 BL 380939 (D.N.J. Oct. 04, 2019); *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447 (4th Cir. 2017); *Norkunas v. Park Road Shopping Center, Inc.*, 777 F. Supp. 2d 998 (W.D.N.C. 2011); *Payne v. Sears, Roebuck & Co.*, No. 5:11-CV-614-D, 2012 WL 1965389, 2012 WL 135149 (E.D.N.C. May 31, 2012). These new arguments which Defendant are raising for the first time in their reply are arguments that could have and should have been raised in their initial motion to dismiss, thereby allowing the Plaintiff the opportunity to respond. Defendant's untimely introduction of these issues is procedurally improper and unfair to Plaintiff. Further, Defendant grossly misstates the allegations in the complaint.

Accordingly, Plaintiff respectfully requests that this Court strike the new arguments, or in the alternative, grant Plaintiff leave to file a surreply to address Defendant's newly raised arguments.

**ARGUMENT**

"Surreplies may be permitted when the moving party would be unable to contest matters presented to this Court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003),aff'd, 85 Fed.Appx. 960 (4th Cir. 2004). It

is well settled that new arguments cannot be made for the first time in a reply brief. See Lentini v. California Center for the Arts, 370 F.3d 837, 843 n.6 (9th Cir. 2004); Jones v. Deja Vu, No. 05-0997, 2005 WL 1629941 (N.D. Cal. July 6, 2005). For this reason, this Court should disregard Defendant's untimely arguments. See Contratto v. Ethicon, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) (striking new evidence submitted with reply papers and characterizing "the Defendant's attempt to introduce new evidence in connection with their reply papers [as] improper"). If this Court chooses to consider Defendant's new arguments, Plaintiff is entitled to respond fully to those arguments by way of full briefing on each of these issues. Clark v. Mason, No. C04-1647C, 2005 WL 1189577 (W.D. Wash. May 19, 2005). See also, Qiu v. Chertoff, No. C07-0578, 2007 WL 1831130 (N.D. Cal. June 25, 2007) ("[T]he Court declines to consider an argument raised for the first time in the reply brief because to do so would deprive [plaintiffs] of an opportunity to respond.").

It is well-settled that a party cannot raise a new issue for the first time in a reply brief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996). Indeed, it is equally well-settled that a court should not consider or address arguments that are raised for the first time in a reply brief. Here, the Defendant did not raise the arguments listed above in their Motion to Dismiss, and Plaintiff did not raise them in her Opposition. As a result, each of these contentions, and all of the arguments upon which they are based, have been waived.

Accordingly, this Court should strike these arguments and refuse to consider them in evaluating Defendant's Motion to Dismiss.

## **CONCLUSION**

For the reasons stated herein, Plaintiff respectfully requests entry of an order striking Defendant's Reply. Alternatively, Plaintiff respectfully requests leave to file a surreply in order to correct the Defendant's misstatements.

Dated: November 19, 2020

By: */s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com

*Attorneys for Plaintiff*